238098 Thank you for having me. Hold on. Okay. Good morning. Morning. May it please the court. My name is Amy Bell Antonio represented the plaintiffs in the district court at here on appeal. Under the precedent in this circuit set by Libertarian Party of Erie County versus Cuomo. The New York State statutorily created pistol licensing officers outside of New York City, Suffolk County and Nassau County cannot be sued. They're immune from suit and the holding in Libertarian Party was tethered is tethered to the idea that licensing officers outside of those three counties upstate are acting in their judicial capacity when they're enforcing penal law section 400, which is the state's licensing statute for handguns. Now, Libertarian Party the decision in that case was erroneous for several reasons. Foremost is the fact that the arguments made by plaintiffs counsel were sparse. There was not a significant deep dive into the role of the pistol licensing officers, the judicial licensing officers. Primarily and most importantly is the fact that neither the plaintiffs in that case did not raise and the court did not consider that when determining a question relating to a state statute, the federal courts are required to defer to that state's interpretation of their own statutes. And it is clear through decisions that deal with Article 78 challenges to pistol licensing determinations by judicial licensing officers and more recently in the matter of Goldstein versus Schwartz where the appellate division in 2020 held that Justice Schwartz in ruling or in holding or enjoining a licensee from reapplying to amend his pistol license for a year. The appellate division held that he was acting outside of his authority as a licensing officer. The appellate division specifically said that licensing officers, the licensing officer was without authority to bar the petitioner from reapplying. That speaks to his authority not his function. Well his function and all judicial licensing officers function come from the statute. They're statutorily created. Whether it's a judicial function or not is a federal conclusion based upon looking at state law. Yes and I agree with that. That's what the Libertarian Party did. It rendered a federal conclusion looking at state law. I would disagree with that because if it had looked to the state law as it was at that point in time, which did predate the 2020 decision in Goldstein, it would have seen that decisions from judicial licensing officers cannot be appealed. They're all subject to determination under CPLR Article 78. And they're treated separately and completely differently than a judicial order. The standard is arbitrary and capricious, right? The standard is arbitrary and capricious, yes. There's no ability. Are administrative law judges rulings appealable directly to the Appellate Division or do they have to be subject to an Article 78? My understanding is that they are all Article 78s. The Article 78 is the avenue, the vehicle for challenging the determinations of administrative bodies. How does that wear in the calculation or the understanding of whether it's a judicial role or an administrative role? Well in looking to the State Appellate Division, the State Appellate Division clearly said that here the injunction imposed by Justice Schwartz, acting in his capacity as a licensing officer, was not imposed by a court, but by a judge acting as a licensing officer. The issuance of the injunction was beyond the scope of his powers to either deny or grant the application. That doesn't answer the administrative function. The question is when one acts as a licensing officer under the state statute, is that a judicial function? Are they performing the types of calculations or interpretations or functions that judges do as opposed to administrative officers? Well, the court made a point to say that the parties, in other words, when a judge is acting in his judicial... If New York law were to say that a judge on the Appellate Division was an administrative officer, we wouldn't be bound by that, would we? I think that the poignant thing to look at here is that under Penal Law 265.00... I'll just ask you a simple question. Would we be bound by it? I don't know what the context you're considering. In the context of whether they were performing a judicial function or not. The New York law identifies members of the Appellate Division now as administrative officers, not as judges. With regard to a workers' compensation case. Well, the Appellate Division is still performing a judicial function of overseeing. Well, it's not just in title. We're looking at specifically the licensing officers. First of all... So what does a licensing officer do in Columbia County when someone comes in front of them and wants a pistol permit? They conduct a hearing, don't they? No, they're not required to conduct a hearing. Isn't that what happened here? It did happen here, but that's not required. And were your clients allowed to be represented by counsel if they wanted to be? They were. Okay. And was there evidence taken or was there testimony taken? I don't know that I would characterize it as evidence or testimony. And what was the standard with regard to whether the license would issue or not? I'm sorry? What was the standard with regard to whether a license would issue or not? The standard is whether the individual meets the factors set forth under Penal Law section 400, subsection 1, which also includes a moral character assessment. Right. Okay. And so it required someone to evaluate evidence and render a conclusion with regard to that evidence? I would disagree with that. Oh, you would? It's simple math? 1 plus 1 equals 2? Is that what it is? Respectfully, I wouldn't classify it or define it as evidence. And the reason for that is that the Nassau County Police Commissioner, the Suffolk County Police Commissioner, and the New York City Police Commissioner, they're also licensing officers. And they have the exact same authority and function under section 265 that upstate licensing officers have. Is it illegal for New York to split up the functions between certain areas of New York as opposed to other areas and delegate judicial functions in one area and administrative in others? There's only one set of functions and authority under the licensing statute. It's a creature of statute. It's a creature of the legislature. Another issue is the fact that judges cannot delegate their authority. And here, the police commissioners... What is the injury you're claiming? I'm claiming that by denying their applications for pistol licenses, which is the only avenue to legally possessing handguns in New York State, that the licensing officer violated their Second Amendment right. I'm also... You're claiming the statute's unconstitutional, that the qualifications that the state's imposed upon it violate Rahimi. Part of the argument below is that the statute is unconstitutional. If the statute's constitutional, what happens to your argument? My argument stands, because- Your argument is that your folks are entitled to a pistol permit regardless of whether they had juvenile offenses or not, and or that they reported them or not, right? So, another challenge, yes. Another challenge is that, as to Section 296 of- Your argument is that there's no discretion involved whatsoever with regard to the issuance of a pistol permit. That is one of the arguments below. Except that that flies in the face of the plain language of the statute. There's also no evidence in the record of dangerousness. Of what? Dangerousness. So, dangerousness. I apologize, I couldn't hear you. Yes, so under Rahimi, dangerousness standard under the moral character factor for licensing that was discussed in Antonyuk, which will be- Maybe we should await the determination of Antonyuk before we decide this case. I would disagree, because the issue here is whether the federal court erred in holding that the judicial licensing officers are absolutely immune from suit. In addition to this- So, you've reserved some time for rebuttal. Oh, thank you. We'll hear from your friend on the other side. Good morning, Your Honor. Jonathan Hitzos for Judge Nichols. Throughout the complaint, you're going to find the following quote that Judge Nichols' appraisal of facts, exercise of judgment, and the formation of an opinion is the crux of plaintiff's debate here. Plaintiffs believe that Judge Nichols exercised his judgment in a wrong way, but the solution isn't to ask a federal court to disturb that ruling, let alone to award damages against Judge Nichols. As I think we all acknowledge, Libertarian Party said as much. While plaintiffs might believe that Libertarian Party is wrongly decided, the basis on which they would ask this court to revisit a published decision is inapt. To answer Your Honor's question, judicial immunity on federal claims absolutely is a federal standard. So to use that hypothetical, what if a New York court said that the Court of Appeals judges are performing administratively? They could answer this very question under the New York's analogous judicial immunity law, and this court wouldn't be bound with respect to federal claims. May I ask you, I'm of course aware of the extent to which Libertarian Party binds this panel, but so that I understand your position, if the police commissioner in New York City who has the licensing authority for that municipality were to deny a license, there is a lawsuit against him, but not against the judge who in other municipalities or counties has the authority to grant this license? Is that the position you're urging? Our position is that neither Libertarian Party nor this case necessarily would control in that situation. However, it very well might be the case. If we had the police commissioner denying a pistol license under identical circumstances here, then the fact that that commissioner doesn't hold the title judge wouldn't strip him of judicial immunity. Would you agree with that? No, Your Honor. Do certain people get absolute immunity for doing the very same thing that other folks don't get absolute immunity for doing? Your Honor, if I misspoke, judicial immunity is always about the function. So if a police commissioner were holding a hearing, applying a statutory standard guided by precedent, issuing written decisions, applying the law to the facts, that's judicial, regardless of the fact that the police commissioner would hold the title police commissioner and not judge. And this court has found that administrative law judges in certain contexts, the fact that they are employees of an agency and not of the judicial branch because they're acting just as any other judge would. New Yorkers seem fit to treat folks who are charged with traffic violations differently in the context of those that occur outside the city of New York, the city of Rochester, and other municipalities where the adjudication of their traffic violations occur in front of an administrative officer. That's correct. The adjudication of their traffic violations occur in front of a judicial magistrate, and the burdens of proof are completely different in that regard. So it's not as if New York hasn't separated certain functions. Both of them, to some degree, one might characterize both as judicial in nature, but one characterized it administrative, the other characterized as judicial by the state. That's correct, Your Honor. However, for purposes of immunity from federal lawsuit, that presents actually an interesting hypothetical. So if an officer issued a traffic ticket under unconstitutional circumstances, that might be fertile ground for a 1983 lawsuit, but you wouldn't sue the magistrate who upholds that after denying that same claim because what you have would be asking the federal courts to disturb a judge making a judgment, and that's exactly what's happening here. We take issue with Article 78 being an insufficient vehicle, and to clarify a point that happened during my adversary's exchange, Article 78 is not only limited to arbitrary and capricious. Under 7803 sub 3, you can adjudicate errors of law, and one such error of law would be a misapplication of the Supreme Court's ruling in Bruin. In fact, just last year, there were several pistol license rulings that were annulled based on that. So plaintiffs could have challenged this. As this Court's aware, an Article 78 against the judge goes right to the appellate division. The only thing there is a ruling, and the Court would adjudicate whether or not Bruin prevents the licensing officer from performing as happens. So Libertarian Party applies to individual capacity claims, but does not apply, at least on its face, to official capacity claims. What are we to do with that, with those claims? So with those claims, Your Honor, they can readily be dismissed on grounds that don't depend on Judge Nickel's status as a judge. Under settled ex parte Young principles, no state officer can be denied the pistol license application. The harm here is a denial. We all understand that the official capacity claims, plaintiffs are trying to use Judge Nickel's as the vehicle to assail the underlying statute. But you still need to have harm traceable to that defendant, whether it's official capacity or not. You can't just come in and effectively sue the statute itself. I understood your argument to be that whatever we ordered with respect to Judge Nickel, since he doesn't administer the statute against the plaintiffs, no relief. That is our argument, Your Honor. Judge Nickel is simply the judge. He doesn't administer this statute as if you would do it against someone who, like a judge, would arrest someone for not having the license. That's correct, Your Honor. Judge Nickel's, when the application comes in front of him, if you look at the licensing scheme, he really has no baked in interest in keeping guns away from plaintiffs. So in that sense, we're dealing with a pre-enforcement challenge and you have to have a reason, you have to have a person who is likely to enforce the statute against you. Am I right? That's correct, Your Honor. And our point is that what would happen in a pre-enforcement challenge is a question for another day, because here we have an attack on the actual ruling. So even though plaintiffs might prefer to have a declaration as to the constitutionality of the scheme, what is it going to do for them in this case? So what is the best case from our court that can deal with the official capacity claim in the way that you want? It's not the libertarian party for the reasons I think you voted against. So the best case from this court is Kelsey v. Clark. And I will, I concede it's a summary order, but it's very well reasoned and it's very apt. Maybe you just answered my question. So there's no opinion, published opinion, that can help us resolve this official capacity claim directly. Well, Kelsey v. Clark does channel other rulings from the Supreme Court, including Green v. Mansoor, that hold that backwards looking relief, whether it's framed as declaratory or injunctive relief, is inappropriate as against any state officer. And that when you're suing a judge, when you have, when you're suing the judge to declare that something that the judge already did is unconstitutional or unlawful, the 11th Amendment bars that. And with respect to injunctive... Are you aware of other similar litigations where state court judges in New York are being sued in connection with denials of gun permits or in the context of the official capacity claims, perhaps we should have there. But the fact remains that when the denial is already issued, there's nothing that a court could do except opine that the judge erred in ruling in the past. There's nothing, there's nothing to enjoin the judge from doing. There's no way that a declaration... In one sense. It's not redressable at this stage. There's no extant application for the judge to decide in a particular manner. What would happen is you might get a favorable declaration that you could wave around in another case. But that is another case. The federal courts have to decide the cases that are right in front of them. Is there anything else? The only other point that we would raise is that to the extent anybody... Yes. Which is that if this court were to permit plaintiff's theory that any denial of a licensing application was itself a violation of the Second Amendment, the district courts would assume the role of the Article 78 courts. Because any adverse determination in one of these pistol license cases could be framed as a violation of one's Second Amendment rights. They're keeping the aggrieved individual from having a gun. And then the district courts, instead of the Article 78 court, the appellate division, would be responsible for reviewing and in some instances overturning the pistol license ruling here. Thank you very much. Except the issue here is what plaintiffs are also challenging is the enforcement of Executive Law 296.00 subsection 16, which allows the licensing officers to look at sealed arrests, non-criminal convictions, youthful offender adjudications to make a determination... That goes to the issuance of the license. You're not challenging that your client's... You're not challenging in an action against the judge that your client's going to get arrested for possessing the gun without the license. No, but when we're... Correct. When we're speaking of prospective or injunctive relief or declaratory relief, in that respect, the point is that... You haven't sought an injunction directing Judge Nichols to issue the license. The injunction would be against the application of Section 296 of the Executive Law against applicants, particularly my clients, upon re-application because that was the basis... That's the immunity question. Yes, yes. The immunity is with respect to the individual action. I'm having trouble how you have any claim for injunctive relief under 1983 against a judge. I have injunctive relief claims against the licensing officer for enforcing Section 296 by way of the licensing statute. Just quickly, constitutional claims are not allowed under Article 78. They're specifically disallowed. And notwithstanding other subsections, which I personally have brought in Article 78 as far as acting outside the scope of authority and so forth, those are always rejected. The standard is always arbitrary and capricious. It's... And every other argument is rejected by the appellate division. This is an exercise of the executive branch. This is an executive function. This is not a judicial function, as evidenced by the Ferris decision, which described it as such back in 1933. It's an exercise of police power because before the judges were assigned this responsibility, which is really the fault of the legislature putting this upon them, it was the local police departments that made the determination of whether someone would be issued a pistol license. And with respect to the example about a judge presiding over traffic tickets and an administrative law judge being assigned traffic court, presiding over the vehicle and traffic law is inherently a judicial function. The administrative law judge is a creation of statute. And conversely here, there is no common law evidence. There's no history that anyone has pointed to that licensing was ever a judicial function. So this is a pure creature of statute. Thank you.